UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES LEWIS (#105290)**                              **CIVIL ACTION**

**VERSUS**

**WARDEN JAMES M. LEBLANC**                              **NO. 06-0196-D-M3**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___16th___ day of May, 2007.

_____
**DOCIA L. DALBY**
**MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE D*** OF LA

2007 MAY 17 A 10: 30

BY DEPUTY CLERK

**CHARLES LEWIS (#105290)**     CIVIL ACTION

**VERSUS**

**WARDEN JAMES M. LEBLANC**     NO. 06-0196-D-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. the petitioner, Charles Lewis, challenges his 1998 convictions and sentences, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count each of aggravated battery and of being a felon in possession of a firearm. He complains that the evidence was insufficient to support the verdicts and that the consecutive 10-year sentences are illegal and in violation of the state and federal constitutions.

Upon a review of the record in this case, it appears that, after a jury trial conducted in March, 1998, he was sentenced on May 15, 1998, to serve consecutive terms of ten years each in connection with the above-referenced offenses. The petitioner appealed these convictions and sentences, asserting that the evidence was insufficient to support the verdicts and that the sentences imposed were unconstitutional. On February 18, 2000, the Louisiana Court of Appeals for the First Circuit affirmed the convictions and sentences, State v. Lewis, No. 99-KA-1106 (La. App. 1st Cir. 2000). Inasmuch as the petitioner failed to thereafter seek supervisory review in the Louisiana Supreme Court, his convictions became final on or about March 4, 2000, fourteen (14) days after issuance of the First Circuit Court's decision.[1]

---

[1] According to the State's memorandum in response to the petitioner's application, the petitioner's conviction initially became final on May 20, 1998, after he failed to seek a timely appeal of the May 15, 1998, convictions and after two motions to reconsider sentence were denied

More than one year later, on March 16, 2001,[2] the petitioner filed an application for post-conviction relief in the state trial court, asserting that the evidence was insufficient to support the verdict of aggravated battery and that his trial counsel was ineffective for failing to object to the responsive verdict of aggravated battery.[3]  This application was denied on May 11, 2001, in the trial court, and the petitioner's subsequent applications for review in the state appellate courts were also denied, with the Louisiana Court of Appeals for the First Circuit denying review on November 11, 2001, and with the Louisiana Supreme Court denying review on November 8, 2002.  See State ex rel. Lewis v. State, 828 So.2d 1114 (La. 2002).

Approximately five months later, on April 21, 2003, the petitioner filed a "post-conviction motion" in the trial court which, although in improper form, was converted to a motion to correct an illegal sentence and was denied by the trial court on May 14, 2003.  The petitioner's subsequent applications for supervisory review in the state appellate courts were again denied, with the Louisiana Court of Appeals for the First Circuit denying review on October 6, 2003, and with the Louisiana Supreme Court denying review on December 10, 2004.  See State ex rel. Lewis v. State, 888 So.2d 823 (La. 2004).

Finally, more than one year later, on March 21, 2006, the petitioner filed the instant habeas corpus proceeding.  Based upon the foregoing, the Court concludes that the application is untimely

---

as having been untimely filed.  According to the State, the petitioner thereafter sought an out-of-time appeal, which appeal was granted by the trial court on October 10, 1998.  This Court, however, need not consider the asserted earlier date of finality of the petitioner's convictions inasmuch as the record excerpts are insufficient to substantiate the State's assertions in this regard and inasmuch as a determination of untimeliness may be made without considering the earlier date.

[2]     Although the petitioner may have placed his state post-conviction application into the prison mailing system prior to the date upon which it was actually docketed as filed in the state court, it appears clear that the application could not have been so placed prior to March 8, 2000, because one of the signatures in his application reflects this date.  Accordingly, the earliest date of "filing" of the post-conviction relief application is March 8, 2000, which is more than one year after finality of the convictions.

[3]     The petitioner was originally charged with attempted second degree murder.

and must be dismissed.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, even counting from the later date that the petitioner's conviction may be seen as having become final (on or about March 4, 2000, after the rejection of his out-of-time appeal), more than a year elapsed prior to his first filing of an application for post-conviction relief in the state court, and thereafter, more than a year elapsed after resolution of his second-filed "post-conviction motion" before he filed his habeas corpus application in this Court. Accordingly, pretermitting consideration of any other time periods, it is clear that substantially more than one year elapsed during which the petitioner did not have any pending state court post-conviction claims. Accordingly, his habeas corpus application in this Court is time-barred pursuant to § 2244(d) and must be dismissed.

Moreover, this Court finds no compelling reason to recommend equitable tolling of the limitations period in this case. There is no credible suggestion in the record that anything

prevented the petitioner from asserting his rights in the state courts and, under these circumstances, the petitioner is not entitled to equitable tolling of the limitations period.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely.

Baton Rouge, Louisiana, this 16th day of May, 2007.

_____
**DOCIA L. DALBY**
**MAGISTRATE JUDGE**